IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | No. 3:19cv921 |
|---|---|---|
| **RONNIE DAKOTA COVINGTON,** | : | |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| **WARDEN EBBERT,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM OPINION

**I.    BACKGROUND**

In 2012, Ronnie Dakota Covington pled guilty to two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1).  *United States v. Covington*, 583 F. App'x 263, 263 (4th Cir. 2014).  The sentencing court determined that Covington qualified as a career offender and sentenced him to 151 months' imprisonment.  *Id.*  The United States Court of Appeals for the Fourth Circuit affirmed the sentencing court's judgment.  *Id.* at 263-64.

Covington then filed a 28 U.S.C. § 2255 motion, asserting that his trial counsel was ineffective in various ways; that motion was denied on the merits.  *Covington v. United States*, No. 3:12-CR-61-RJC-1, 2015 WL 6553861 (W.D.N.C. Oct. 29, 2015).  In a subsequent 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, Covington argued that his sentence should

1

be reduced in accordance with Amendment 782 to the Sentencing Guidelines. *United States v. Covington*, 3:12-cr-00061-RJC (W.D.N.C., Doc. 50). The district court denied Covington's motion after concluding that his sentence was "determined pursuant to the career offender guideline" and that, therefore, Amendment 782 did not lower the applicable Sentencing Guidelines range. *Id.* at Doc. 57.

Covington has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that he is entitled to a sentence reduction pursuant to Amendment 782. (Doc. 1). Specifically, Covington asserts he was sentenced based on the quantity of cocaine base that he possessed, and the Sentencing Guidelines range for offenses that involve cocaine base have been reduced by Amendment 782. *Id.*

## II. DISCUSSION

Although federal law generally requires that, when evaluating a § 2241 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, "a district court is authorized to dismiss a [§ 2241] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).

Covington has filed a § 2241 petition, but "§ 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (internal quotation marks omitted). Conversely, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge [the validity of] their convictions or sentences." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

Although Covington asserts that he challenges the execution of his sentence (Doc. 1 at 2), "[i]n order to challenge the execution of his sentence under § 2241, [Covington] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona*, 681 F.3d at 537. Covington's allegation that a subsequent amendment to the Sentencing Guidelines entitles him to a reduction clearly does not meet this threshold. *See*, *e.g.*, *Barnett v. United States*, 445 F. App'x 491, 492-93 (3d Cir. 2011) (holding that challenge to career offender classification and assertion "that Amendment . . . to the Sentencing Guidelines warrants a reduction in his sentence" not cognizable in § 2241 petition); *Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir.

2017) (same).  Covington's claim should therefore, as a general matter, be brought in a § 2255 motion.

Although § 2255 motions are the presumptive means to challenge a conviction or sentence, there is an exception to that general rule.  Thus, "a federal prisoner may resort to § 2241 [to challenge his sentence] only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.*

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review.  And second, the

4

prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.

*Bruce*, 868 F.3d at 180. The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges the legality of his sentence under § 2241 when the underlying claim does not fit within the Savings Clause, the petition must be dismissed. *See id.* at 183 (noting jurisdictional nature of Savings Clause inquiry).

When evaluated under this standard, it is clear that Covington's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. First, Covington makes no claim of actual innocence, but merely asserts that he is entitled to a sentence reduction based on an amendment to the Sentencing Guidelines. Second, Covington's § 2241 petition does not rely on any intervening court decisions that would cast doubt upon his factual—or even legal—guilt. Third, Covington does not assert that a § 2255 motion is inadequate to test the legality of his sentence; rather, he seems to bring his challenge under § 2241 only because he previously filed a § 2255 motion and is now barred by

5

procedural rules from bringing this challenge in a second § 2255 motion, and because the sentencing court denied his attempt to obtain relief through 18 U.S.C. § 3582(c)(2). Fourth, Covington had an "earlier opportunity to challenge his" sentence when he filed his § 2255 and § 3582 motions. *Bruce*, 868 F.3d at 180.

Because Covington's claim does not fit within the narrow exception afforded by the Savings Clause, this Court does not have jurisdiction over his § 2241 petition, and it must be dismissed. *See Arrington v. Bledsoe*, 497 F. App'x 176, 179 (3d Cir. 2012) (affirming dismissal of § 2241 petition because petitioner "had multiple opportunities to challenge his sentence, and any errors inherent in the District Court's judgment would have been plain at the time it was imposed; they have not arisen from intervening changes in the law nor any extraordinary circumstances" (brackets and internal quotation marks omitted)).

Finally, the Court notes that, even if Covington's claim did fall within the Savings Clause, the sentencing court has already considered and rejected his claim. *Covington*, 3:12-cr-00061-RJC at Doc. 57. The sentencing court noted that Covington was sentenced as a career offender and Amendment 782 did not have the effect of lowering his applicable Sentencing Guidelines range. *Id.* In that vein, Covington's Sentencing

Guidelines range was indisputably driven by his career offender enhancement rather than by drug quantities. *See Covington*, 2015 WL 6553861, at *1 (noting that career offender enhancement increased total offense level from 18 to 29). Thus, for the reasons stated by the sentencing court, this Court agrees that Covington is not entitled to a sentence reduction, and his claim would fail on its merits. *See United States v. Martin*, 867 F.3d 428, 431-33 (3d Cir. 2017) (concluding that, because appellant's "applicable Guidelines range was the career offender range" and was not reduced by Amendment 782, "the District Court was correct to find him ineligible for a sentence reduction").

## III. Conclusion

Covington's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition. Consequently, Covington's § 2241 petition must be dismissed.

An appropriate Order follows.

                                      **BY THE COURT:**

Date: 06/28/19                  **s/James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**